UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIS JOSE GREGORIO COBIS-GAMBOA, | No. 2:26-cv-00658-DC-CKD (HC) |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | (Doc. No. 4) |
| Respondents. | |

This matter is before the court on Petitioner Elis Jose Gregorio Cobis-Gamboa's motion for a temporary restraining order (Doc. No. 4), filed along with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his re-detention by U.S. immigration authorities. (Doc. No. 1.) For the reasons explained below, the court will deny Petitioner's motion for a temporary restraining order.

## BACKGROUND

### A.   Factual Background

Petitioner Elis Jose Gregorio Cobis-Gamboa is a native and citizen of Venezuela. (Doc. No. 1 at 2.) Petitioner entered the United States in 2022. (*Id.* at 11.) Petitioner was detained by U.S. Immigration authorities on December 13, 2025, and has remained in continuous custody since that date. (*Id.*) Petitioner is currently detained in the California City Detention Center in

1

California City, California. (*Id.*) Respondents allege that Petitioner was detained following his arrest for felony larceny in Nassau County, New York. (Doc. No. 8 at 2, 17–21.)

**B.      Procedural Background**

On March 2, 2026, Petitioner filed the writ of habeas corpus asserting the following claims against Respondents Warden of the California City Correctional Center, Todd M. Lyons, Kristi Noem, and Pamela Jo Bondi: (1) violation of the Immigration and Nationality Act ("INA") relating to his detention without a bond hearing; and (2) violation of Petitioner's Fifth Amendment right to due process in relation to his continued detention. (Doc. No. 1 at 8–9.) In his petition, Petitioner seeks an order declaring that his continued detention violates the INA and the Fifth Amendment right to due process, requiring his immediate release, or in the alternative, a bond hearing at which his eligibility for parole must be considered, and awarding Petitioner reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act. (*Id.* at 9–10.) On that same day, Petitioner filed the pending motion for a temporary restraining order seeking the same relief as in his petition. (Doc. No. 4 at 6–7.)

On March 5, 2026, Respondents filed an opposition to the pending motion arguing that Petitioner's grand larceny conviction subjects him to mandatory immigration detention under 8 U.S.C. § 1226(c)(1)(e).[1] (Doc. No. 8 at 2–4.) Petitioner did not file a reply, and the deadline for which to do so has passed. (*See* Doc. No. 5.)

**LEGAL STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary

---

[1] Respondents also request that the court take judicial notice of the exhibits attached to Respondents' opposition, which includes Petitioner's immigration record, and the New York State Unified Court System docket relating to Petitioner's charge. (Doc. No. 8 at 7–24.) Petitioner did not file an opposition to this request. The court will take judicial notice of Petitioner's immigration records and the court docket relating to Petitioner's criminal charge. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of documents in a noncitizen's A-file); *U.S. v. Striet*, 146 Fed. App'x 884, 885 n.2 (9th Cir. 2005) (taking judicial notice of state court criminal documents).

restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter* factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

**DISCUSSION**

**A.     Likelihood of Success on the Merits**

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). (Doc. No. 16 at 4.) Congress enacted provisions under section 1226(c) of the Immigration and Nationality Act ("INA") in response to a legislative determination that noncitizens with certain criminal convictions pose elevated risks of danger to their communities. *See Demore v. Kim*, 538 U.S. 510, 513 (2003). Section 1226(c) therefore subjects noncitizens convicted of these enumerated crimes to mandatory detention. *Id.* In January 2025, Congress amended section 1226(c) to subject additional categories of noncitizens who have had

3

interactions with law enforcement to mandatory detention without a bond hearing. Pub. L. No. 119-1, 139 Stat. 3 (2025). Specifically, under 8 U.S.C. § 1226(c)(1)(E), detention is mandatory for any noncitizen who is charged as "inadmissible" as having entered the U.S. without inspection under 8 U.S.C. § 1182(a)(6)(A) and, as relevant here:

> is charged with, is arrested for, [or] is convicted of . . . committing acts which constitute the essential elements of any burglary, theft, [or] larceny . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)(i)–(ii). Further, in *Demore* the Supreme Court held that mandatory detention without a bond hearing is constitutionally permissible under 8 U.S.C. § 1226(c). *Demore*, 538 U.S. at 521.

As noted above, Respondents contend that Petitioner's charge for grand larceny subjects him to mandatory detention under § 1226(c)(1)(E)(ii). (Doc. No. 8 at 2–4.) Petitioner did not address his detention under § 1226(c) in his habeas petition or pending motion and did not file a reply responding to Respondents' argument that he is mandatorily detained under that section. Moreover, Respondents support their argument by pointing to the docket in Petitioner's state court criminal proceedings. The court finds Petitioner is likely subject to mandatory detention under 8 U.S.C. § 1226(c), and consequently, he is not constitutionally entitled to a bond hearing at this juncture under that statute. Petitioner has therefore not shown that he is likely to succeed on the merits of his claim that his continued detention is in violation of the INA and of his due process rights. Thus, the court will deny Petitioner's motion for a temporary restraining order.

## CONCLUSION

For the reasons explained above,

1.    Respondents' request for judicial notice (Doc. No. 8 at 2 n.1) is GRANTED;

2.    Petitioner Elis Jose Gregorio Cobis-Gamboa's motion for a temporary restraining order (Doc. No. 4) is DENIED; and

/////

/////

4

3.    This case is referred to the assigned magistrate judge for further proceedings.


IT IS SO ORDERED.

Dated:    **March 24, 2026**

Dena Coggins
United States District Judge