UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIS JOSE GREGORIO COBIS-GAMBOA (A No. 246 105 773), | No.  2:26-cv-0658 DC CKD P |
| Petitioner, | |
| v. | |
| WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al., | FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]   For the reasons which follow, the court recommends that the petition be denied.

I. Facts

Petitioner is a native and citizen of Venezuela.  ECF No. 8 at 13.   It is not clear when or where petitioner entered the United States although it does appear petitioner was apprehended by Department of Homeland Security officers on October 6, 2022, and was released into the United

/////

_____

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

States on October 7, 2022.  ECF No. 1 at 21-22.  Petitioner filed an application for asylum on September 5, 2023.  Id. at 9.  It appears that application is still pending.

Petitioner is charged with larceny in Nassau Conty, New York, ECF No. 8 at 20, for an incident occurring November 16, 2025.  Id. at 17.

On December 14, 2025, petitioner was detained by ICE officials in Westbury, New York after they had been informed by Nassau County Police that petitioner had been arrested for larceny and after they learned petitioner is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  Id. at 9.

Petitioner was ordered to appear for immigration proceedings on February 4, 2026.  ECF No. 8 at 13.  The status of petitioner's application for asylum is not clear.

Petitioner is currently detained at the California City ICE Detention Facility.  ECF No. 1 at 2.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Analysis

Petitioner claims that being detained without a bond hearing at which he would be entitled to release if it were determined he was neither dangerous nor a flight risk violates immigration law.  Not so.  Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).  Under that statute a person such as petitioner who is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and

is charged with larceny is subject to mandatory detention. [2]

Alternatively, petitioner asserts that not being afforded a bond hearing violates his right to due process under the Fifth Amendment.  A person subject to mandatory detention in a criminal action simply because charges have been filed would run afoul of the Eighth Amendment protection against excessive bail.  However, the Supreme Court has specifically recognized "[i]n the exercise of its broad power over naturalization and immigration," Congress regularly makes rules that would not be acceptable in other contexts.  Demore v. Kim, 538 U.S. 510, 522 (2023).  Courts have expressed due process concerns with mandatory detention of a person deemed inadmissible resulting from a mere prior criminal arrest as provided for in 8 U.S.C. § 1226(c)(1)(E).  E.g. Singh v. Chestnut, 1:25-cv-0546 DJC AC P, 2160 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026).  To alleviate such concerns, some courts read 8 U.S.C. § 1226(c)(1)(E) to require, at a minimum, pending criminal charges for mandatory detention.  Id.  The court agrees with that approach as allowing mandatory detention based upon arrest alone would essentially be a finding that petitioner is entitled to no due process protection over and above what is granted by statute, a conclusion this court has rejected repeatedly.  E.g.  Martinez v. Chestnut, No. 1:25-cv-1826 TLN CKD P, 2026 WL 121221 (E.D. Cal. Jan. 16, 2026).

With pending criminal charges, a third party has, presumably in good faith, reviewed evidence and found cause to proceed with the criminal process knowing that guilt must ultimately be proved beyond a reasonable doubt.  That plus a presently inadmissible status leads this court to conclude that sufficient evidence exists to satisfy the concerns articulated in Martinez.  The court notes, however, that if petitioner is acquitted of larceny or charges are dropped, continued mandatory detention under § 1226(c)(1)(E) may run afoul of due process protections.

Finally, petitioner claims the length of his detention violates due process.  However, in Demore, the Supreme Court found that mandatory detention under 8 U.S.C. § 1226(c) for a period of six months where petitioner challenged removal did not violate the Fifth Amendment.

---

[2] Respondents provide evidence indicating that petitioner has numerous other charges pending. ECF No. 8 at 10.  While it is not entirely clear this is the case, respondents do not argue that any of the other charges provide a basis for mandatory detention.

3

In this case petitioner has only been detained about 4 1/2 months and nothing suggests his removal proceedings are inordinately delayed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 27, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gamb0658.imm.frs

4