UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIS JOSE GREGORIO COBIS-GAMBOA (A No. 246 105 773),

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,

Respondents.

No.  2:26-cv-00658-DC-CKD (HC)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 12, 14)

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 27, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 12.) On April 30, 2026, Petitioner filed objections to the findings and recommendations. (Doc. No. 13.) On June 18, 2026, Petitioner filed a motion to file supplemental objections to the findings and recommendations and a request for immediate relief. (Doc. No. 14.) The court will grant that motion and considers both Petitioner's objections and supplemental objections below.

In his objections and supplemental objections to the findings and recommendations,

1

Petitioner raises four main objections.

First, Petitioner contends that the assigned magistrate judge improperly found that he was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) because the plain language of that statute makes it applicable only to noncitizens who are taken into immigration custody promptly following their release from criminal custody for a qualifying offense. (Doc. No. 13 at 2.) Setting aside whether that interpretation of § 1226(c)(1)(E) is proper, Petitioner's Record of Deportable/Inadmissible Alien states that he was detained by immigration authorities on December 14, 2025, the day after his arrest for grand larceny that precipitates his detention under § 1226(c). (Doc. No. 8 at 9.) To the extent § 1226(c) does require a close temporal connection between the noncitizen's release from criminal detention and detention by immigration authorities, the court finds that Petitioner's immigration detention the day after his criminal arrest satisfies any such temporal proximity requirement.

Second, in both his objections and his supplemental objections, Petitioner argues that the assigned magistrate judge incorrectly concluded that his pending charge for grand larceny is sufficient to trigger mandatory detention under § 1226(c)(1)(E) because, according to Petitioner, that statute requires that a noncitizen is convicted of or admits to committing a qualifying crime, "not merely an arrest or a pending charge." (Doc. No. 13 at 5.) But under 8 U.S.C. § 1226(c)(1)(E), a noncitizen who, as relevant here, is inadmissible under 8 U.S.C. § 1182(a)(6)(A) and has been "charged with, [] arrested for, [or] is convicted of" crimes including larceny is subject to mandatory detention. Petitioner is charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A) and was arrested for committing grand larceny. (*See* Doc. No. 8 at 8–11.) Thus, as the assigned magistrate judge correctly found, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).

Third, in his objections Petitioner argues that the assigned magistrate judge improperly relied on *Demore v. Kim*, 538 U.S. 510 (2003), to justify Petitioner's prolonged detention because in *Demore* the Court held that brief periods of mandatory detention under § 1226(c) are constitutionally permissible without a bond hearing, whereas Petitioner had been detained for "over four and a half months without any opportunity to appear before a judge and argue for his

2

release on bond" such that his "detention is no longer [] 'brief'" as contemplated in *Demore.* (Doc. No. 13 at 3–4.) In the findings and recommendations, the magistrate judge explicitly emphasized that Petitioner "has only been detained about 4 1/2 months and nothing suggests his removal proceedings are inordinately delayed." (Doc. No. 12 at 4.) In his motion to file supplemental objections, Petitioner emphasizes that as of the date of filing the supplemental objections, he has now been detained for over six months without a bond hearing. (Doc. No. 14 at 2–3.) Thus, Petitioner contends that to the extent his detention was not unconstitutionally prolonged when the findings and recommendations were issued, they have become so through his continued detention. (*Id.* at 3.) The Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). While it has not provided a specific duration of time for which mandatory detention under § 1226(c) without a bond hearing becomes unconstitutional, the Ninth Circuit has referred to detentions of longer than six months as unconstitutionally prolonged "in the context of detention for which no individualized bond hearings had taken place at all because the statutes on their face did not allow for them." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022); see also *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (recognizing a six-month period of presumptively reasonable post-removal period detention). And, while the Supreme Court did find the petitioner's six-month detention without a bond hearing permissible in *Demore*, the Court emphasized that much of that delay was caused by petitioner as he "himself had requested a continuance of his removal hearing." *Demore*, 538 U.S. at 531. Further, the petitioner in *Demore* was subject to mandatory detention under § 1226(c) pursuant to multiple previous criminal convictions and "d[id] not dispute the validity of his prior convictions, which were obtained following the full procedural protections our criminal justice system offers." *Demore*, 538 U.S. at 513. Here, on the other hand, (1) Petitioner has now been held in excess of the six-month period that the Ninth Circuit and Supreme Court have found to constitute unconstitutionally prolonged periods of immigration detention without a bond hearing under other statutes requiring mandatory detention; (2)

3

Petitioner did not cause any delay in his ongoing removal proceedings; and (3) Petitioner is being mandatorily detained pursuant to a criminal charge for which no trier of fact has determined his guilt. Thus, given the unique circumstances of Petitioner's case, the court finds that Petitioner's detention has grown unconstitutionally prolonged during the pendency of the findings and recommendations. Thus, the court will decline to adopt the magistrate judge's findings and recommendations and will order that Petitioner be provided a bond hearing at which the government bears the burden of justifying Petitioner's continued detention by clear and convincing evidence.

Fourth, Petitioner argues that the court should decline to adopt the magistrate judge's findings and recommendations because it is unclear whether the grand larceny charge precipitating Petitioner's immigration detention is still pending or has been dismissed. (Doc. No. 14 at 4.) Petitioner emphasizes that in the findings and recommendations, the magistrate judge stated that "if [P]etitioner is acquitted of larceny or charges are dropped, continued mandatory detention under § 1226(c)(1)(E) may run afoul of due process protections." (Doc. No. 12 at 3.) Thus, Petitioner requests that Respondents provide information as to the current status of Petitioner's criminal charge. This court, however, has found that where the government asserts a non-pretextual changed circumstance potentially warranting a noncitizen's detention pending removal proceedings, such as an interaction with law enforcement, the proper remedy for the government's failure to provide the noncitizen with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See, e.g., Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627, at *3 (E.D. Cal. Jan. 31, 2026) ("Thus, while the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified.") Accordingly, the bond hearing afforded to Petitioner due to his prolonged detention is the same relief he would be entitled to if his grand larceny charge has been dismissed. Thus, this objection

4

is not a basis upon which to grant immediate release of Petitioner.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to file supplemental objections (Doc. No. 14) is GRANTED;

2. The court DECLINES to adopt the findings and recommendations (Doc. No. 12);

3. The petition for writ of habeas corpus (Doc. No. 1) is GRANTED IN PART as follows:

    a. Within fourteen (14) days from the date of entry of this order, Respondents are ORDERED to provide Petitioner Elis Jose Gregorio Cobis-Gamboa (A-246-105-773) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and

    b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;

4. The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: __June 23, 2026__

_____
Dena Coggins
United States District Judge